# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
EUSTIS, BRIAN S. § Case No. 11-37677
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on     .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]         $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_\_, for total expenses of $\_\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Joseph A. Baldi, Trustee_____
                                               Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 11-37677 | JBS | Judge: Jack B. Schmetterer | Trustee Name: | Joseph A. Baldi, Trustee |
| Case Name: | EUSTIS, BRIAN S. | | | Date Filed (f) or Converted (c): | 09/16/11 (f) |
| | | | | 341(a) Meeting Date: | 10/13/11 |
| For Period Ending: 05/05/12 | | | | Claims Bar Date: | 02/12/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.06 | Unknown |
| 2. Charter One Account | 1.29 | 0.00 | | 0.00 | FA |
| Charter One Account | | | | | |
| 3. First Midwest Account | 500.00 | 0.00 | | 0.00 | FA |
| First Midwest Account | | | | | |
| 4. First United in Steger Illinois | 50.00 | 0.00 | | 0.00 | FA |
| First United in Steger Illinois | | | | | |
| 5. Household Goods and Furnishings | 1,500.00 | 0.00 | | 0.00 | FA |
| Household Goods and Furnishings | | | | | |
| 6. Books & Pictures | 300.00 | 0.00 | | 0.00 | FA |
| Books & Pictures | | | | | |
| 7. Wearing Apparel | 2,000.00 | 0.00 | | 0.00 | FA |
| Wearing Apparel | | | | | |
| 8. Watch | 50.00 | 0.00 | | 0.00 | FA |
| Watch | | | | | |
| 9. Golf Clubs and other Sports Equipment | 250.00 | 0.00 | | 0.00 | FA |
| Golf Clubs and other Sports Equipment | | | | | |
| 10. Cincinnati Insurance Company Policy xxxx635. Polic | 0.00 | 0.00 | | 0.00 | FA |
| Cincinnati Insurance Company Policy xxxx635. Policy has no Cash reserve value based on loan taken by the Debtor against the Cash reserve value for $26,000.00 in early 2010 | | | | | |
| 11. 401K | 164,839.73 | 0.00 | | 0.00 | FA |
| 401K | | | | | |
| 12. Res-Comm Roofing, Inc. Filed Chapter 7 11 B 21720 | 0.00 | 0.00 | | 0.00 | FA |
| Res-Comm Roofing, Inc. Filed Chapter 7 11 B 21720 | | | | | |
| 13. Heritage Installations | 50.00 | 0.00 | | 0.00 | FA |

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 3)*   Ver: 16.06a

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

Exhibit A

| Case No: | 11-37677 | JBS | Judge: Jack B. Schmetterer | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|---|
| Case Name: | EUSTIS, BRIAN S. | | | Date Filed (f) or Converted (c): | 09/16/11 (f) |
| | | | | 341(a) Meeting Date: | 10/13/11 |
| | | | | Claims Bar Date: | 02/12/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Heritage Installations | | | | | |
| 14. JBE Managment | 50.00 | 0.00 | | 0.00 | FA |
| JBE Managment | | | | | |
| 15. 2010 Tax Refund (listed for $11,773 on 2010 Tax Re | 0.00 | 0.00 | | 0.00 | FA |
| 2010 Tax Refund (listed for $11,773 on 2010 Tax Return however IRS will offset the amount listed against taxes now due by the Debtor). Debtor lists over $60,000 taxes due, subject to set off | | | | | |
| 16. Drivers License | 0.00 | 0.00 | | 0.00 | FA |
| Drivers License | | | | | |
| 17. 2004 Chevrolet Avalanche 155,500 miles | 2,400.00 | 0.00 | | 0.00 | FA |
| 2004 Chevrolet Avalanche 155,500 miles | | | | | |
| 18. 6 Computers | 200.00 | 0.00 | | 0.00 | FA |
| 6 Computers | | | | | |
| 19. Claim for Loan against Res-Comm Inc. for Loan to C | 0.00 | 0.00 | | 0.00 | FA |
| Claim for Loan against Res-Comm Inc. for Loan to Corporation (11 B 21720). Company filed bankruptcy | | | | | |
| 20. Attorney retainer (u) | 0.00 | 8,963.76 | | 8,963.76 | FA |
| turnover of remaining unused retainer | | | | | |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $172,191.02    $8,963.76    $8,963.82    $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Balance of retainer with law firm turned over to Trustee; claim bar date expires 2/12/12; Trustee reviewed claims;

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 3
Exhibit A

| | | |
|---|---|---|
| Case No: | 11-37677  JBS  Judge: Jack B. Schmetterer | Trustee Name: Joseph A. Baldi, Trustee |
| Case Name: | EUSTIS, BRIAN S. | Date Filed (f) or Converted (c): 09/16/11 (f) |
| | | 341(a) Meeting Date: 10/13/11 |
| | | Claims Bar Date: 02/12/12 |

prepared TFR

Initial Projected Date of Final Report (TFR): 05/31/12     Current Projected Date of Final Report (TFR): 05/31/12

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 11-37677 -JBS | | Trustee Name: | Joseph A. Baldi, Trustee |
| Case Name: | EUSTIS, BRIAN S. | | Bank Name: | Bank of America, N.A. |
| | | | Account Number / CD #: | *******7411  Money Market Account (Interest Earn |
| Taxpayer ID No: | *******0498 | | | |
| For Period Ending: | 05/05/12 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | | 0.00 |
| 11/29/11 | 20 | PECKAR & ABRAMSON<br>attn:  Daniel Budorick<br>208 S. LaSalle Street<br>Suite 1356<br>Chicago, IL 60604 | RETURN OF UNUSED RETAINER - DEBTOR'S COUNSEL | 8,963.76 | | | | | 8,963.76 |
| 12/29/11 | 1 | Bank of America, N.A. | INTEREST REC'D FROM BANK | | 0.06 | | | | 8,963.82 |
| 12/29/11 | | Transfer to Acct #*******2822 | Bank Funds Transfer | | | | | -8,963.82 | 0.00 |

| Account *******7411 | Balance Forward | 0.00 | 0 Checks | 0.00 |
|---|---|---|---|---|
| 1 | Deposits | 8,963.76 | 0 Adjustments Out | 0.00 |
| 1 | Interest Postings | 0.06 | 1 Transfers Out | 8,963.82 |
| | Subtotal | $ 8,963.82 | Total | $ 8,963.82 |
| 0 | Adjustments In | 0.00 | | |
| 0 | Transfers In | 0.00 | | |
| | Total | $ 8,963.82 | | |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

LFORM2XT

Ver: 16.06a

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 11-37677 -JBS | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | EUSTIS, BRIAN S. | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******2822 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******0498 | | |
| For Period Ending: | 05/05/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | | 0.00 |
| 12/29/11 | | Transfer from Acct #*******7411 | Bank Funds Transfer | | | | | 8,963.82 | 8,963.82 |
| 02/07/12 | 001001 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | TRUSTEE BOND NO. 016026455 | | | 7.09 | | | 8,956.73 |

|  | Account *******2822 | Balance Forward | 0.00 | | 1 Checks | 7.09 |
|---|---|---|---|---|---|---|
|  |  | 0 Deposits | 0.00 | | 0 Adjustments Out | 0.00 |
|  |  | 0 Interest Postings | 0.00 | | 0 Transfers Out | 0.00 |
|  |  | Subtotal | $ 0.00 | | | |
|  |  |  |  | | Total | $ 7.09 |
|  |  | 0 Adjustments In | 0.00 | | | |
|  |  | 1 Transfers In | 8,963.82 | | | |
|  |  | Total | $ 8,963.82 | | | |

| Report Totals | Balance Forward | 0.00 | | 1 Checks | 7.09 |
|---|---|---|---|---|---|
| | 1 Deposits | 8,963.76 | | 0 Adjustments Out | 0.00 |
| | 1 Interest Postings | 0.06 | | 1 Transfers Out | 8,963.82 |
| | Subtotal | $ 8,963.82 | | Total | $ 8,970.91 |
| | 0 Adjustments In | 0.00 | | | |
| | 1 Transfers In | 8,963.82 | | | |
| | Total | $ 17,927.64 | | Net Total Balance | $ 8,956.73 |

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: May 05, 2012 |
|---|---|---|---|---|---|---|

Case Number: 11-37677  
Debtor Name: EUSTIS, BRIAN S.

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | JOSEPH A. BALDI , as Trustee<br>19 S. LaSalle Street<br>Suite 1500<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $1,646.38 | $1,646.38 |
| BOND<br>001<br>2300-00 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | Administrative | | $0.00 | $7.09 | $7.09 |
| 000002<br>058<br>5800-00 | Internal Revenue Service<br>POB 7346<br>Philadelphia PA 19101-7346 | Priority | (2-1) Modified on 12/6/2011 to correct creditor address. (CC) | $50,733.68 | $84,362.99 | $84,362.99 |
| 000001<br>070<br>7100-00 | RBS Citizens, N.A.<br>c/o Donald Newman<br>11 S. LaSalle St Suite 1500<br>Chicago, IL 60603 | Unsecured | (1-1) modified on 10/11/2011 to correct creditors address (dt) | $280,588.60 | $415,789.52 | $415,789.52 |
| 000003<br>070<br>7100-00 | Capital One Bank (USA), N.A. by<br>American InfoSourc<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $20,105.97 | $26,230.77 | $26,230.77 |
| 000004<br>070<br>7100-00 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | (4-1) CREDIT CARD DEBT | $9,827.70 | $10,203.84 | $10,203.84 |
| 000005<br>070<br>7100-00 | Bond Safeguard Insurance Company<br>256 Jackson Meadows Drive<br>Hermitage, TN 37076 | Unsecured | | $50,000.00 | $50,000.00 | $50,000.00 |
| | Case Totals: | | | $411,255.95 | $588,240.59 | $588,240.59 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-37677
Case Name: EUSTIS, BRIAN S.
Trustee Name: Joseph A. Baldi, Trustee

Balance on hand                                              $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Other: International Sureties | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses         $_____

Remaining Balance                                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $            must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | Internal Revenue Service | $ | $ | $ |

    Total to be paid to priority creditors    $_____

    Remaining Balance    $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | RBS Citizens, N.A. | $ | $ | $ |
| 000003 | Capital One Bank (USA), N.A. by American InfoSourc | $ | $ | $ |
| 000004 | American Express Bank, FSB | $ | $ | $ |
| 000005 | Bond Safeguard Insurance Company | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 11)*